IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00280-M

MARQUITA N. HAGINS, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
BASSAM HIJAZ, et al., )
 )
    Defendants. )
 )
_____ )

This matter comes before the court on Plaintiff's "emergency motion" [DE 4] seeking a "temporary restraining order and preliminary injunction." In order to receive injunctive relief without "notice to the adverse party," Plaintiff must (1) set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant," (2) "certif[y] in writing any efforts made to give notice and the reasons why it should not be required," and (3) "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(b)(1) & (c).

Plaintiff has not complied with any of these requirements. Her emergency motion is accompanied by no affidavit (or supporting memorandum) and she did not verify the factual allegations in her complaint, she did not certify in writing any efforts she undertook to provide notice to the adverse parties, and she provided no TRO bond. *See* DE 1; DE 4.

Documents filed pro se are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "the liberal construction of a pro se plaintiff's pleading does not require the court to

ignore clear defects." *Chrisp v. Univ. of N. Carolina-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020). Even pro se parties must comply with "procedural rules in ordinary civil litigation," *McNeil v. United States*, 508 U.S. 106, 113 (1993), "without which effective judicial administration would be impossible," *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Plaintiff's noncompliance with Rule 65 of the Federal Rules of Civil Procedure compels denial of her motion.

Plaintiff's emergency motion [DE 4] is DENIED WITHOUT PREJUDICE.

SO ORDERED this 22d day of May, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 5:25-cv-00280-M-RN    Document 6    Filed 05/23/25    Page 2 of 2