**IN RE:**

**Marquita N. Hagins,**

**Petitioner,**

v

**Judge Richard E. Myers II,**

**Clerk Ty Griffin,**

**Respondents.**

FILED

JUL 09 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

**Immediate Transfer of Case from Tainted Jurisdiction**

**Time-Sensitive Relief Requested | Immediate Enforcement Sought**

*EMERGENCY CONTEXT STATEMENT*

Since March 31, 2025, Petitioner has been unlawfully excluded from her home. On June 30, 2025, a third party moved in — not through legal title, but solely because the district court refused to enter default or enforce clearly entitled possessory relief. This is not a landlord-tenant dispute; it is a **federal constitutional crisis,** enabled by judicial inaction. Each day compounds **violations of due process,** inflicts **life-threatening harm** on Petitioner's ventilator-dependent daughter, and further erodes confidence in the courts. **Without this Court's immediate intervention,** procedural justice will remain paralyzed, and irreparable harm will continue.

**I. RELIEF REQUESTED**

Petitioner respectfully seeks an **emergency writ of mandamus under 28 U.S.C. § 1651** and **FRAP 21**, not to adjudicate the merits of her claims, but to remedy **ongoing procedural obstruction and constitutional violations** by named Respondents within the **Eastern District of North Carolina (EDNC)**.

Petitioner does not request this Court to adjudicate monetary damages. However, the underlying district court action arises under **42 U.S.C. § 1983**, asserting **violations of constitutional rights** including **due process, access to court, and equal protection,** which remain ongoing and require **procedural enforcement** by this Court.

However, **Petitioner gives formal notice** that if this Court or the district court fails to act by **July 14, 2025,** she will **immediately proceed** with a constitutional tort action under *Bivens v. Six Unknown Named Agents*, **403 U.S. 388 (1971),** to pursue **personal liability against federal officials** for violations of due process, access to court, and retaliatory obstruction. While no monetary relief is requested here, **Petitioner has prepared the Bivens complaint,** and this filing strategy reflects her **lawful and fully informed use of every available federal remedy** to protect her family and enforce constitutional rights.

Petitioner requests that the Fourth Circuit:

1. **Issue a Writ of Mandamus** directing the U.S. District Court to:

    a). **Immediately certify the docket** and transmit all pending motions, including the **Motion for Possession and Motion for Entry of Default and Default Judgment** to a **neutral court** for prompt adjudication.

b). **Vacate the jurisdiction** of District Judge Richard E. Myers II due to **bias, retaliation**, and **failure to perform mandatory judicial duties.**

c). *Bar reassignment to any judge or magistrate within* **EDNC**, *a forum now* tainted.

d). **Transfer the case** to the **Western District of North Carolina** or another **neutral venue.** Petitioner has filed a **Judicial Disqualification and Jurisdictional Objection Notice (Exhibit A)** and has prepared a **Bivens complaint** for **imminent filing** in a separate constitutional tort action arising from this same conduct.

2. **Petitioner makes this application solely to compel procedural enforcement** of rights already before the district court. She does not request any ruling on the **merits** of her underlying claims, but seeks only **urgent relief** to ensure **access to a fair and impartial forum** under **Rule 55, Rule 65,** and the **All Writs Act.**

[1] While Rule 65 was invoked in the district court, this Petition seeks only **procedural enforcement of default-based possession** and does **not request substantive injunctive relief** from this Court.

3. **Grant expedited review** due to:

- **Ongoing wrongful exclusion** from Petitioner's home.
- *Medical crisis involving Petitioner's* **ventilator-dependent daughter.**

- **Constitutionally protected filings** being met with **retaliation and suppression.**
- **Parallel jurisdiction already properly invoked in a neutral district.**

4. In the alternative, Petitioner requests this Court direct the **Clerk of Court** or a designated **neutral deputy clerk** to **immediately enter default** pursuant to **Rule 55(a)**, as all procedural requirements have been met and the **disqualification of Respondents** renders them incapable of lawful further action.

5. Authorize the **United States Marshals Service**, pursuant to **28 U.S.C. § 1651** and **Rule 65(d)**, to enforce the **permanent injunctive relief** already triggered by Defendant's default and **restore Petitioner's possession of 222 Trailing Oak Trail** if no ruling is entered by the district court by **July 11, 2025.**

6. Petitioner further gives notice that if **no formal relief or broader resolution** is granted by **Monday, July 14, 2025**, she will proceed with **full damages claims and all constitutional remedies**, and all **settlement rights shall be deemed waived.**

7. If the district court remains structurally incapable of entering default due to **judicial disqualification** and **ongoing suppression**, Petitioner respectfully requests that this Court either **(a)** issue the **default directly**, or **(b)** authorize **enforcement of possession** by the **United States Marshals Service** under the **All Writs Act, 28 U.S.C. § 1651**, based on clear record evidence of **procedural entitlement and life-threatening constitutional harm.**

## II. GROUNDS FOR RELIEF

**Mandamus is warranted** where a party has a **clear right to relief,** the lower court has a **clear duty to act,** and **no other adequate remedy exists.** That standard is not just met here it is **exceeded:**

Petitioner invokes this Court's **emergency supervisory power** under **28 U.S.C. § 1651** to preserve ongoing jurisdiction under **42 U.S.C. § 1983** and prevent further constitutional harm caused by **systemic delay, procedural suppression,** and **judicial bias.**

- **Judge Richard E. Myers II** has willfully failed to adjudicate **undisputed motions under Rule 55,** despite the lapse of all procedural deadlines and the existence of a **fully supported record establishing default.**
- **Clerk Ty Griffin** has allowed **procedural irregularities,** including acceptance of filings by **unadmitted counsel** in violation of **Local Rule 83.1,** and d**elayed or obstructed docketing** of Petitioner's filings denying her **equal access** under standard **pro se** practices.
- Together, Respondents have created an appearance of **systemic bias, retaliation,** and a **structural denial** of **constitutional access to court,** requiring **immediate corrective oversight.**

Since **March 31, 2025,** Petitioner has been **unlawfully excluded from her home.** On **June 30, 2025,** a third party Defendant **Bassam Hijaz** moved in, **not through legal title,** but solely because the district court **refused to enter default** or **enforce clearly entitled possessory relief.** This is **not a private civil dispute over housing;** it is the direct consequence of **systemic judicial inaction** that has **suspended procedural justice** and

inflicted constitutional harm. Each day compounds violations of due process, inflicts life-threatening harm on Petitioner's ventilator-dependent daughter, and further erodes confidence in the courts. Without this Court's immediate intervention, procedural justice will remain paralyzed, and irreparable harm will continue.

## III. FACTUAL BACKGROUND

1. **May 23, 2025** – Petitioner filed a **Verified Complaint** in the U.S. District Court for the Eastern District of North Carolina **(Case No. 5:25-cv-00280-M)** under **42 U.S.C. § 1983,** seeking **declaratory and injunctive relief** due to **wrongful exclusion** from her home at **222 Trailing Oak Trail,** Clayton, North Carolina.

2. **May 27, 2025** – Petitioner filed a First **Amended Verified Complaint** and a **supplemental pleading** which remains the **governing pleading.**

3. **June 2, 2025** – Petitioner filed a **Corrective Affidavit of Harm in Support of Preliminary Injunction** and a **Supplemental Pleading** to the **Amended Verified Complaint** and **Preliminary Injunction Motion (Dkt. 14)**, documenting the **life-threatening consequences** of the **wrongful eviction**, including **worsening medical harm** to her **ventilator-dependent daughter**. Petitioner **lawfully served Defendant Bassam Hijaz** with the **summons and complaint.** No responsive pleading was filed within the **21-day deadline** under **Fed. R. Civ. P. 12**, triggering Petitioner's right to **seek default.**

4. **June 24, 2025** – Petitioner filed her **initial Motion for Entry of Default and Contingent Motion for Default Judgment (Dkt. 25)**, supported by:

- An **Affidavit of Continued Harm**;
- A **Proposed Order Granting Default Judgment and Declaratory Relief**;
- A **Notice of Filing: Proof of Service and Declaration of Delivery (Dkt. 26)**.

5. **June 24, 2025 (same day)** – **Clerk Ty Griffin** issued a **Notice of Deficiency** on a separate filing by Defendant's counsel **(Dkt. 21)**, but **failed to process or issue any action** on Petitioner's **uncontested motion for default** despite **full compliance with procedural rules** demonstrating **selective enforcement** and **irregular docket practices**.

6. **June 30, 2025** – Petitioner filed a consolidated and enhanced motion package, including:

- A **renewed Motion for Entry of Default and Default Judgment**;
- A **Motion for Possession and Immediate Enforcement of Permanent Injunctive Relief**;
- A **Supplemental Motion for Sanctions**;
- A **Notice of Filing** clarifying that these filings **supersede all prior default-related motions** and **demand immediate judicial action**.

7. **July 1–3, 2025** – The District Court **took no action. Clerk Griffin** continued to permit filings by Defendant's counsel **Marcus Burrell** despite **no formal notice of appearance** under **Local Civil Rule 83.1**, and **delayed the processing** of Petitioner's motions while inconsistently applying filing **standards obstructing fair access to justice** and **violating procedural norms**.

8. **On July 7, 2025, Petitioner filed a Judicial Disqualification and Jurisdictional Objection Notice (attached as Exhibit A) detailing systemic misconduct, clerk suppression, and judicial bias.**

### IV. LEGAL BASIS FOR MANDAMUS RELIEF

This Court has authority under:

- **28 U.S.C. § 1651 (All Writs Act)** – permits extraordinary writs to compel court officers to act where their inaction threatens judicial function.
  *The All Writs Act permits courts to issue all writs necessary to protect existing jurisdiction, prevent judicial abuse, and ensure constitutional access to justice, especially where default relief is unlawfully delayed."*
- **Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 (2004)** –
  *"Mandamus is appropriate where a party has a clear right to relief, the respondent has a clear duty to act, and no other adequate remedy is available."*
- **In re Beard, 811 F.2d 818 (4th Cir. 1987)** –
  **The Fourth Circuit retains authority to issue mandamus where district court inaction is so prolonged and prejudicial as to constitute a constructive denial of due process.**
- **28 U.S.C. §§ 144 and 455** – require judicial disqualification for actual or apparent bias or prejudice.
- **Federal Rule of Appellate Procedure 21** – permits emergency writs where no other adequate remedy exists.

- **Inherent equitable powers** – allow federal courts to prevent the miscarriage of justice and abuse of process.

***Petitioner further notes that under Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), federal officers are subject to personal liability when acting** under color of law to deprive individuals of constitutional rights. While this Petition does not request monetary damages, **Petitioner reserves the right to file a Bivens complaint** for such relief if this Court or the district court continues to deny access to a neutral forum or default enforcement.

## V. EMERGENCY CERTIFICATION

Petitioner certifies that this matter is **urgent**. The district court has refused to act on default-based relief for over two weeks after full briefing. Meanwhile, **Petitioner and her ventilator-dependent daughter remain homeless.** The record is undisputed, but **Respondents continue to obstruct access to justice.**

**Petitioner affirms that all legal prerequisites for entry of default have been satisfied under Rule 55(a),** and **Respondents' continued refusal to perform that ministerial act constitutes a structural denial of access to justice.** If the Court declines to enter default directly, Petitioner respectfully requests it **compel a neutral deputy clerk** or transfer venue to a non-conflicted district where default and possession may be immediately entered.

**Petitioner respectfully gives NOTICE that if no ruling is entered by July 11, 2025, she will formally request enforcement and immediate physical restoration of**

**possession through the United States Marshals Service,** pursuant to the **All Writs Act, 28 U.S.C. § 1651, and Rules 65 and 70(e)** of the Federal Rules of Civil Procedure.

If *no ruling is entered by Friday, July 11, 2025*, Petitioner will request **enforcement through the United States Marshals Service**. However, if **no broader resolution or formal relief is granted by Monday, July 14, 2025,** all **conditional settlement rights shall be deemed waived**, and Petitioner will proceed with **full constitutional and monetary damages claims without limitation.**

Petitioner is **not requesting Rule 70(e) enforcement from this Court** but includes it solely to demonstrate that **enforcement mechanisms remain obstructed** by the **district court's failure to rule**. Without **mandamus intervention, no lawful mechanism** is available to execute the relief already sought under **Rule 55** and **Rule 65**.

If the district court remains **structurally incapable** of entering default due to **judicial disqualification** and **ongoing suppression**, Petitioner respectfully requests that this Court either **(a) compel immediate entry of default and default judgment** by the district court, or **(b) authorize enforcement of possession by the United States Marshals Service under the All Writs Act, 28 U.S.C. § 1651**, based on clear record evidence of procedural entitlement and life-threatening constitutional harm.

This Petition does **not seek appellate adjudication of monetary damages**, but instead requests **procedural enforcement of default-based injunctive and possessory rights** that have been **unlawfully delayed or suppressed.**

My daughter remains **ventilator-dependent** and requires **continuous access to specialized respiratory equipment** and a **medically safe home environment.** As a **direct result of the unlawful exclusion** from our residence and the court's continued refusal to enforce possession, she suffered **life-threatening complications.** Ongoing delay **exposes her to further irreparable harm** and **violates the most basic constitutional protections** owed to us both.

**Immediate relief is required** to prevent **permanent deprivation of constitutional rights** and **life-endangering harm.** The **Eastern District has demonstrated both incapacity and unwillingness to act.** Petitioner respectfully requests that this Honorable Court:

- **intervene without delay to restore judicial integrity**,
- **enforce procedural and constitutional rights,** and
- **compel immediate entry of default** or
- **authorize possession enforcement by the U.S. Marshals Service under the All Writs Act.**

Absent such intervention, Petitioner faces **irreparable harm** and the continued **denial of access to a functioning and impartial forum.**

**Petitioner further reserves the right to file a judicial misconduct complaint under 28 U.S.C. § 372(c)** based on continued failure to act on documented judicial disqualification, clerk suppression, and obstruction of access to a neutral forum. Any further silence or

dismissal without explanation will be treated as institutional concealment and used to support independent oversight and future litigation.

## VI. CONDITIONAL WITHDRAWAL IF RELIEF IS GRANTED

**IF NEW JUDGE ACTS IMMEDIATELY:**

Should a **newly assigned judge, unconnected to the prior pattern of suppression,** issue **immediate relief** before this Court rules including **granting the pending Motion for Default Judgment and Possession.** Petitioner **reserves the right to withdraw this Petition in part as moot.** However, she **expressly preserves** all broader:

- **jurisdictional objections,**
- **claims for supervisory oversight,**
- **judicial disqualification,** and
- **enforcement under 28 U.S.C. §§ 1651 and 455**

**Petitioner will notify this Court immediately upon such relief being granted,** in the interest of **avoiding duplication** and **promoting judicial efficiency.**

## VII. CERTIFICATE OF SUBMISSION TO COURT

I hereby certify that on **July 7, 2025,** I submitted this **Emergency Petition for Writ of Mandamus,** including all exhibits, to the Clerk of the United States Court of Appeals for the Fourth Circuit hand-delivered.

Respectfully submitted,

*[signature: Marquita Hagins]*

**Marquita N. Hagins**

Pro Se Petitioner

P.O Box 1093

Clayton, NC 27520

**Dated:** July 7, 2025

## VIII. ATTACHMENTS

- **Exhibit A** – Judicial Disqualification and Jurisdictional Objection Notice
- **Exhibit B** – Proposed Order Granting Emergency Petition for Writ of Mandamus
- **Exhibit C** – Declaration of Petitioner in Support of Writ of Mandamus
- **Exhibit D** – Proof of Default Materials (Docket 25, 26, 33)
- **Exhibit E** – Supplement to Motion for Possession + Injunctive Relief (Dkt. 34)
- **Exhibit F** – Motion for Sanctions, Reimbursement of Costs, and Permanent Bar of Unauthorized Counsel (Dkts. 29 & 34)
- **Exhibit G** – Procedural Timeline of Suppression and Harm
- **Addendum A** – Settlement Demand and Conditional Resolution Terms (Dated July 7, 2025)